Charles G. MEDICINE BLANKET,
Appellant,

v.

ROSEBUD SIOUX TRIBAL POLICE
DEPARTMENT, and Unknown Offi-
cers, Redbud Sioux Indian Reserva-
tion; Officer Iyotte; Officer Decovy,
Appellees.

No. 03–3175.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 27, 2004.

Decided: March 24, 2004.

Charles G. Medicine Blanket, #98841,
Limon, CO, pro se.

Dana Hanna, Rosebud Sioux Tribe, Ro-
sebud, SD, for Defendants–Appellees.

Before BYE, MCMILLIAN, and
RILEY, Circuit Judges.

PER CURIAM.

Charles G. Medicine Blanket appeals
from the final judgment of the District
Court for the District of South Dakota in
this civil rights action arising out of Medi-
cine Blanket's arrest on the Rosebud Sioux
Indian Reservation. The district court[1]
granted summary judgment to defendants
and denied Medicine Blanket's motion for
reconsideration. For reversal, Medicine
Blanket argues the district court erred in
(1) finding his motion for reconsideration
untimely, (2) prematurely granting sum-
mary judgment to defendants, and (3) find-
ing his action was time-barred. For the
reasons discussed below, we affirm the
judgment of the district court.

While we agree with Medicine Blanket
that his reconsideration motion was timely
filed, see Fed.R.Civ.P. 59(e), 6(a), the error
is harmless because the district court con-
sidered the merits of the motion. We also
reject Medicine Blanket's argument that
summary judgment was premature, given
that he did not make the required showing
to the district court under Fed.R.Civ.P.
56(f). *See United States v. Casino Magic
Corp.*, 293 F.3d 419, 426 (8th Cir.2002).

As to the merits, we affirm the grant of
summary judgment because Medicine
Blanket's claims challenge the conduct of
tribal officers on a reservation, and it ap-
pears that this matter is the subject of on-
going litigation by Medicine Blanket in the
tribal court system. *See In re Sac & Fox
Tribe of Mississippi in Iowa/Meskwaki
Casino Litigation*, 340 F.3d 749, 763 (8th
Cir.2003) (jurisdiction to resolve internal
tribal disputes and interpret tribal consti-
tutions and laws lies with Indian tribes and
not in district courts); *Miller v. Benson*,
51 F.3d 166, 170 (8th Cir.1995) (appellate
court may affirm judgment on any ground
supported by the record).

Finally, we conclude that the district
court did not abuse its discretion in deny-
ing Medicine Blanket's motion for recon-
sideration. *See Perkins v. U.S. West Com-
munications*, 138 F.3d 336, 340 (8th Cir.
1998).

---

1. The Honorable Karen E. Schreier, United
States District Judge for the District of South
Dakota.